IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MAXIMO RAMOS ARANGO,

    Plaintiff,

v.                                CASE NO. 1:14-cv-58-MP-GRJ

JEAN EPLING, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner presently incarcerated at Broward County Jail, initiated this case by filing a *pro se* complaint under 42 U.S.C. § 1983. He has neither paid the filing fee, nor filed an amended motion to proceed as a pauper as directed by the Court. Plaintiff filed an amended Complaint, Doc . 10, which is now before the Court. The Court must screen this complaint pursuant to 28 U.S.C. § 1915, which governs proceedings *in forma pauperis*. Under this statute, the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e). For the reasons discussed below this case should be dismissed for failure to state a claim and for failure to comply with an order of the Court.

### Plaintiff's Allegations

The allegations in the Amended Complaint concern the conditions of Plaintiff's confinement at the North Florida Evaluation & Treatment Center. Plaintiff claims that

Defendants Epling, Dickerson, Robinson, Fisher, Milligan, Thompson, John, Infantino, and Middleton collectively verbally abused him, refused to turn on the heater, starved him, told other inmates to attack him, addressed him using racial slurs, and forced him to use dirty utensils, amongst other incidents. (Doc. 10 at 5-6.)  Plaintiff contends that Defendants' actions have violated his Eighth Amendment rights. (Doc. 10 at 7.)  He seeks relief in the form of $10 million dollars from each Defendant if his claim is successful at trial, but offers to settle his claim for $1.5 million from each Defendant. *Id.*

## Standard of Review

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Iqbal*).

## Discussion

### (1) Plaintiff fails to state a claim upon which relief may be granted

In Plaintiff's Amended Complaint he fails to assert any feasible violation of his Eighth Amendment right to be free from cruel and unusual punishment.  *See* U.S. CONST. amend. VIII.  Under the Eighth Amendment, cruel and unusual punishment is defined as the "unnecessary and wanton infliction of pain."  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Verbal abuse alone is insufficient to state a constitutional claim.  *Hernandez v. Florida Dept. Of Corrections*, 281 F. App'x 862, 866 (11 th Cir. 2008).  Plaintiff claims that several of the defendants verbally mistreated him and addressed him using racial slurs. (Doc. 10 at 5-6.)  While the Court does not approve of the use of racial slurs, unless the Defendants actually carried out any threats in connection with the verbal abuse, Plaintiff's claim does not rise to the level of alleging a violation of Plaintiff's constitutional rights.  *Hernandez*, 281 F. App'x at 866.

Plaintiff further claims that several of the Defendants urged other inmates to attack him.  To advance a claim for violation of the Eighth Amendment, a prisoner must satisfy two inquiries regarding a prison official's conduct: (1) the challenged condition must be extreme and pose an unreasonable risk of serious damage to the prisoner's

future health or safety; and (2) the prison official acted with a state of mind that constituted deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Here, Plaintiff does not allege that the Defendants' actions of labeling him a snitch or encouraging other inmates to attack him actually endangered his safety or his health. The Eighth Amendment only reaches official conduct that is "sure or very likely to cause" serious injury at the hands of other inmates. *Helling v. McKinney*, 509 U.S. 25, 33 (1992). Nothing in Plaintiff's claim suggests that Defendants' actions put Plaintiff in danger. Accordingly, Plaintiff's claims that Defendants encouraged other inmates to take action against Plaintiff because he was a snitch – without more – fail to allege a colorable claim for violation of the Eighth Amendment

In addition, Plaintiff claims that the Defendants starved him, refused to let him use clean utensils, and refused to turn on the heat. Deprivation of food by prison officials only violates the Eighth Amendment when the prison denies a prisoner the minimal civilized measure of life's necessities. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). Prison food need only be adequate to maintain the prisoners' health. *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996). Plaintiff's Amended Complaint does not provide reason to believe that he does not have sufficient food to maintain his health.

With respect to his claims that Defendants did not turn on the heater or give him clean utensils, a prisoner's discomfort, without more, does not violate the Eighth Amendment. *Chandler v. Crosby,* 379 F.3d 1278, 1295 (11 th Cir. 2004). A constitutional violation only occurs when a prison official knows of and disregards an excessive risk to inmate health or safety. *Id.* (quoting *Farmer*, 511 U.S. at 837). Plaintiff has not indicated that any of the described events caused a risk to his health or

*Case No: 1:14-cv-58-MP-GRJ*

safety, and therefore fails to advance a claim for violation of his Eighth Amendment rights.

Finally, the relief that Plaintiff requests in his claim is not available. Plaintiff asks for monetary compensation from each of the listed Defendants. The Prisoner Litigation Reform Act ("PLRA") limits the availability of monetary damages to cases where the prisoner has shown physical injury. See 42 U.S.C. § 1997(e); *Napier v. Preslicka*, 314 F.3d 528, 523 (11th Cir. 2002). Because Plaintiff has not pled any physical injury, he may only obtain injunctive relief against the Defendants. However, injunctive relief is generally not available to prisoners that have been transferred or released from the facility where the incidents complained of occurred. See *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986). Plaintiff is no longer incarcerated at the North Florida Evaluation & Treatment Center and is now confined at the Broward County Jail. (Doc. 10 at 2.) Consequently, because Plaintiff is no longer at the facility where Plaintiff complains his Eighth Amendment rights have been violated the Court may not grant any relief that Plaintiff seeks and therefore this action is due to be dismissed.

**(2) Plaintiff has Failed to Comply with a Court Order**

Notwithstanding Plaintiff's failure to state a claim upon which relief may be granted, Plaintiff has failed to comply with the order of this Court directing Plaintiff to file an amended motion to proceed as a pauper. (Doc. 5.) The Federal Rules of Civil Procedure Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order. The Court may dismiss a case under Rule 41(b) when there is a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir.

1985).  Here, the Plaintiff has missed the Court's deadline to file his amended motion to proceed *in forma pauperis* by over four months. (Doc. 5.)  Thus, his Complaint must be dismissed for failure to comply with an order of the court.

## Conclusion

Accordingly, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and pursuant to Fed. R. Civ. P. 41(b) for failure to comply with an order of the Court.  The dismissal should qualify as a strike under 28 U.S.C. § 1915(g).

IN CHAMBERS  this 17[h] day of October, 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**